UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAN ABRAHAM NEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-1261 (UNA) |
| | ) | |
| U.S. ATTORNEY GENERAL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 2), his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), and a motion to amend (ECF No. 3), which the Court treats as a supplement to the habeas petition. The Court GRANTS the application, DENIES the motion, and DENIES the petition without prejudice.

Petitioner, a native of Namibia and citizen of South Africa, has been in custody pending deportation pursuant to a removal order issued August 1, 2023. *See* Pet. (ECF No. 1) at 1-2, 4; *id*., Ex. A (ECF No. 1-2) at 3 (page numbers designated by CM/ECF). The Board of Immigration Appeals ("BIA") dismissed his appeal on January 18, 2024. *See id*. at 2, 5. In this action, petitioner asks that this Court "[r]elease [him] to the United States" from his current detention at the El Paso Processing Center in El Paso, Texas, *see id*. at 6-7, to "honer [sic] [his] application N400" for naturalization,[1] *id*. at 7, and, presumably, to bar his removal from the

---

[1] The Court presumes that petitioner is referring to an Application for Naturalization, USCIS Form N-400.

United States, *see generally* Supp. (ECF No. 3).  This Court cannot grant any of the relief petitioner demands.

A federal district court lacks jurisdiction over petitioner's challenge to the removal order. 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal"); *see Nel v. Dep't of Homeland Sec.*, No. PE:21-cv-00036-DC, 2021 WL 9494504, at *1 (W.D. Tex. June 3, 2021) (stating that "the District Courts are divested of jurisdiction over § 2241 petitions attacking removal orders"); *see also Uranga v. U.S. Citizenship & Immigr. Servs.*, 527 F. Supp. 3d 10, 19–20 (D.D.C. 2020) (denying motion for preliminary injunction to enjoin plaintiff's removal from the United States because "the Court lacks jurisdiction to . . . intervene in the removal process"). Rather, petitioner's challenge to the removal order should be brought before the United States Court of Appeals for the Fifth Circuit.  *See Vetcher v. Sessions*, 316 F. Supp. 3d 70, 76 (D.D.C. 2018) (noting that 8 U.S.C. § 1252(a)(5) and (b)(9) "streamline all issues arising from removal proceedings into a petition for review that must be filed with a court of appeals after a final order of removal from the BIA").  And petitioner's demand for release from custody "is certainly cognizable through the writ of habeas corpus . . . [b]ut that remedy is not available to him in Washington, as a civil detainee must file such application in the district court for the district where he is in custody," *id*. (citations and internal quotation marks omitted) (emphasis removed), that is, the Western District of Texas.

An Order is issued separately.

DATE: September 12, 2024            DABNEY L. FRIEDRICH
                                    United States District Judge